State ex rel. Mullen vs. Drew, Judge Second Judicial District.

No. 35.

STATE OF LOUISIANA EX REL. HAMP MULLEN VS. R. C. DREW, JUDGE SECOND JUDICIAL DISTRICT.

A Mandamus will lie to compel a District Judge to sign a Bill of Exceptions when presented in proper form.

Whatever may be the intent of a party in court, whose objection to evidence is overruled, and whatever may be the supposed effect of the testimony admitted, such party has a right to take a bill of exceptions, and it is the duty of the judge to grant it.

Requisites of Bills of Exceptions.

APPLICATION for Writ of Mandamus.

W. G. McDonald for the Relator.

J. A. Snider for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a mandamus to compel the defendant to sign a bill of exceptions and to do other acts.

The relator avers, that on the trial of the case of the State against him, on an indictment for setting at liberty certain persons from jail, one Campbell was called by the State to be sworn as a witness; that he objected, through counsel, to said Campbell being so sworn, for the reason that he had been convicted, and had served his term of sentence for a felony, having received no executive pardon; that notwithstanding said objection and proof of the charge, the presiding judge permitted the witness to testify; that to the ruling of the court, he reserved a bill, and prayed the judge to sign it, who refused to do so; that he then requested the judge to assign on. the bill his reason for such refusal, which the judge declined; that he then moved, always by counsel, the court to allow the bill to be filed, although unsigned, and that this was also refused; that he then asked the judge to likewise assign the reasons for such refusal, and that the judge also declined; that the tendered bill was then returned to his counsel.

The District Judge, in justification of his conduct, returns under oath, that the bill was not taken precisely under the circumstances stated; that when the objection was made, he allowed evidence to be introduced in support of it, and, after hearing, permitted the witness to be sworn and heard; that the counsel of the accused then stated that the examination could be proceeded with, and that he would take a bill; that respondent was under the impression that no bill had been reserved, and that he refused to sign the bill tendered, because he considered that no evidence, touching the guilt of the accused, had been elicited from the witness, prejudicial to him, and that the jury could not have been influenced in the least by anything which the witness had stated; that

he declined to assign reasons for refusing to sign the bill, because he considered it useless, and believed that the bill was presented on the part of the accused to defeat, if possible, the just verdict of the jury.

The bill prepared at the time is annexed to the 'petition for a *mandamus*. It states the circumstances under which it was taken, setting forth the grounds of objection urged to the witness offered. The reasons, which it is said, were assigned by the judge, when he overruled the objections, are not incorporated in the bill, but a blank was left in it with the expectation that the judge would fill it.

It is difficult, under the showing made, to state positively whether the bill was or not taken seasonably, but, as it is affirmed that it was, without any direct contradiction from the District Judge, we must infer that it was reserved at the proper time in open court.

When the judge passed upon the objections, either he gave reasons or failed to assign any. If he gave any, it was optional with the counsel of the accused to have embodied them in the bill, and to have presented it for signature. If the judge assigned no reason, it was likewise discretionary with the counsel to have mentioned the fact, and tendered the bill for verification. He could, however, leave a blank with the expectation that the judge would fill it. Had he filled the blank himself, and had the judge considered the statement of the facts and of his reasons incorrect, it would have become incumbent upon him to rectify, under his own hand, before signing, any misstatement or error committed to his prejudice, or to that of either party.

Bills of exceptions are intended to place of record something done under the order of the court during the progress of the cause, which would not otherwise appear ; that the question of law, raised by the ruling on the matter excepted to, may be reviewed by the appellate court. It should contain, as a rule, the grounds of the objection, the reasons for which it was overruled, when any are assigned, or the fact that none were given, if such be the case, but it is not essential that *both* the grounds of objection and the reasons of the ruling, should be incorporated. It is sufficient if the former are set forth, and the mere nature of the ruling complained of mentioned. A bill, which contains neither the grounds of objection, nor the reasons overruling them, is defective and is not entitled to notice. 12 H. 113, 332. 14 A. 808. If the judge was unwilling to sign the bill presented with a blank in it, he should have eliminated from it that portion which is preparatory to the statement that reasons had been assigned, as such assignment of reasons was, after all, a matter of indifference. We do not consider that the refusal of the judge is based, otherwise, on sufficient reasons. Whatever may be the intent of a party in court, whose objection to evidence is overruled, and, whatever may be the supposed effect of the testimony admitted, such party has a right to

State ex rel. Mullen vs. Drew, Judge Second Judicial District.

take a bill of exceptions and present it in proper form. It is then the duty of the judge, if the bill state correctly the circumstance under which it was reserved, the grounds of objection, the ruling, the reasons assigned, or the failure to adduce any in support, to attest by his signature the verity of its contents. In case of a refusal on his part, a *mandamus* will lie to compel him to perform that duty. 3 M. 714; 73 A. 484. Under the circumstances of this case, the relief sought should be allowed.

It is, therefore, ordered that the alternative mandamus herein issued be made peremptory at defendant's cost.